# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## OCTOBER 1998 SESSION

**FILED**

November 4, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9709-CR-00398 |
| Appellee, | ) |
| | ) Davidson County |
| V. | ) |
| | ) Honorable Cheryl Blackburn, Judge |
| | ) |
| **GEORGE D. FITZPATRICK,** | ) (Rape) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Carlton M. Lewis
Attorney at Law
Petway, Blackshear & Cain
208 Third Avenue, North
Nashville, TN 37201-1604

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Michael J. Fahey, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Victor S. (Torry) Johnson III
District Attorney General

Dan Hamm
Sharon Brox
Assistant District Attorneys General
200 Washington Square, Suite 500
Nashville, TN 37201-1619

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, George D. Fitzpatrick, was convicted by a jury of rape and assault. The sole issue presented on appeal is whether the evidence at trial was sufficient to support a finding of guilt beyond a reasonable doubt. We find that it was and affirm the judgment of the trial court.

The evidence showed that the appellant agreed to drive the victim and her male friend, Chris, to a nearby store to buy some beer. The victim asked Chris to get her purse and went on to the appellant's vehicle ahead of him. While Chris was delayed, the victim got into the rear seat of the vehicle, a small two-door Toyota, and the appellant and another man got into the front seats, thereby trapping the victim in the car. The appellant then drove away before Chris could join them.

Rather than go for beer, the appellant drove the victim around for about twenty minutes. He then stopped the car in a desolate area, reached into the back seat and grabbed the victim's leg, and ordered her to take off her pants. The victim began to scream and cry but did not disrobe. The victim testified that the appellant then pulled her head forward and forced her to preform oral sex on him. She unequivocally stated that the victim's penis penetrated her mouth and that she did not consent.

When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The appellee is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. See State v.

Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence enjoyed by defendants at trial and replaces it with a presumption of guilt. See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, an appellant challenging the sufficiency of the evidence carries the burden of illustrating to this Court why the evidence is insufficient to support the verdict. See State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

The appellant is convicted under Tennessee Code Annotated § 39-13-503, which provides that rape is the "unlawful sexual penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances . . . [f]orce or coercion is used to accomplish the act." The appellant argues that the credibility of the victim is "highly questionable" and advances a theory as to the victim's motive to wrongly accuse him. These issues are not proper inquires for this Court. The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of fact. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Gentry, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993). A jury verdict for the state accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). We look only to see whether there was sufficient evidence from which a reasonable trier of fact could have found that the appellant committed each element of the crime for which he was convicted. In the present case, the victim's uncontradicted testimony was clearly sufficient. The jury's verdict indicates that they accredited her testimony, and it was their prerogative to do so.

The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
JOE G. RILEY, Judge